Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER LAW PC
One SW Columbia, Suite 1850
Portland, OR 97204
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GREGORY MERCADO**, <br><br> Plaintiff, <br><br> v. <br><br> **CARDINAL EMPLOYERS ORGANIZATION, INC.; CARDINAL SERVICES, INC.; INTEGRATED 3D LLC dba I3D MGF,** <br><br> Defendants. | Case No. 3:21-cv-01224 <br><br> COMPLAINT <br><br> Unlawful Employment Practices <br><br> (USERRA; ORS 659A.082; ORS 659A.199; ORS 659A.230; ORS 659A.355; ORS 653.641; Wrongful Discharge) <br><br> **DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, liquidated damages, punitive damages, attorney fees and costs, and injunctive relief for

Page 1 – COMPLAINT

himself to redress injuries done to him by Defendants or officers, employees or agents of said Defendants in contravention of his federally protected rights in violation of the Uniformed Services Employment and Reemployment Rights Act, and his state protected rights in violation of Oregon anti-discrimination and anti-retaliation laws including ORS 659A.082, ORS 659A.199, ORS 659A.230, ORS 659A.355, ORS 653.641, and common law wrongful discharge.

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims arose in this judicial district. Moreover, at all material times herein Defendant Integrated 3D LLC dba I3D MFG resided in this judicial district.

## General Factual Allegations

4.

Defendant Cardinal Employers Organization, Inc. was and is at all times herein mentioned an Oregon corporation located in Coos Bay, Coos County, Oregon.

5.

Defendant Cardinal Services, Inc. was and is at all times herein mentioned an Oregon corporation located in Coos Bay, Coos County, Oregon.

6.

Defendant Integrated 3D LLC dba I3D MFG (hereinafter "Defendant I3D") was and is at all times herein mentioned an Oregon limited liability corporation. At all material times herein, Defendant I3D's principal place of business is in The Dalles, Wasco County, Oregon.

Page 2 – COMPLAINT

7.

Plaintiff was a resident of Oregon at all material times herein.

8.

At all material times herein, Plaintiff was supervised by Defendants' employees or agents, and Plaintiff relied on the actual or apparent authority of Defendants' employees, supervisors, and management for Defendants. Cardinal Employers Organization, Inc. and Cardinal Services, Inc. (hereinafter collectively "Cardinal Defendants") provided human resources services to Defendant I3D at all material times, including assisting Defendant I3D in its unlawful employment practices directed at Plaintiff. Moreover, all Defendants operated as an integrated enterprise and/or joint employers with respect to Plaintiff.

9.

Defendants discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to, discriminating against Plaintiff based on his membership and duties in the military, and retaliated against Plaintiff for inquiring about wages, reporting criminal activity, for reporting and/or opposing unlawful employment practices, and for using protected sick leave.

10.

Defendants hired Plaintiff as a Chief Operating Officer/Chief Quality Officer on or about April 4, 2019 at Defendant I3D's The Dalles, Oregon facility. Defendant I3D told Plaintiff prior to being hired that Plaintiff would transfer to Defendant I3D's new facility in Redmond, Oregon on or before the facility was to open. Plaintiff's start date was April 15, 2019.

11.

On or about December 8, 2019, Defendant I3D held an event for staff. During the event, Defendant I3D's Chief Strategy Officer Chad Cooper groped Plaintiff's genitals.

///

///

Page 3 – COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

12.

In or about mid-December of 2019, Plaintiff took leave for military orders. When he informed Madrigal of his need for leave, she responded "well, I can't say no" in a tone that led Plaintiff to believe Madrigal was irritated that he needed to take leave for military orders. After Plaintiff returned from leave, Defendant I3D shut him out of executive meetings and Plaintiff felt the work environment had become hostile.

13.

In or about February of 2020, Plaintiff saw "stranzinigger" written on a box at Defendant I3D's The Dalles facility. Plaintiff understood that the facility in The Dalles employed an engineer with the last name of Stranz. Plaintiff believed some employee wrote the word "nigger" on the box. On occasion, Plaintiff had previously heard employees speak ill of Mr. Stranz.

14.

Plaintiff reported to Defendant I3D that he had found a box containing the written racial slur. Defendant I3D's executives chose to require employees to complete a group training and to destroy the box. Plaintiff opposed the destruction of the box as he felt destroying the box would destroy evidence of a crime. Plaintiff told Defendant I3D he thought Defendant I3D should file a police report. John Eskew, Defendant I3D's Chief Financial Officer ("CFO") and acting Human Resources representative, responded that law enforcement should not get involved.

15.

In April of 2020, and shortly after being approved for a Paycheck Protection Program ("PPP") loan, Defendants demoted Plaintiff to Quality and Operational Excellence ("QOE") Leader and decreased his pay by fifteen percent. Plaintiff had a reasonable belief that reducing his pay after being approved for the PPP loan was a violation of law, rule, or regulation. Defendant I3D's given reason for demoting Plaintiff was that Defendant I3D was going to a "titleless" structure. Despite Defendant I3D's representation that it was going "titleless," other executive level

Page 4 – COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

employees continued using their titles, including but not limited to Erin Madrigal, Defendant I3D's Chief Executive Officer ("CEO"), and Eskew. To Plaintiff's knowledge, he was the only employee and/or executive whose pay was reduced. Defendants also hired a new Chief Operating Officer in or about August of 2020.

16.

On or about June 9, 2020, Plaintiff reported the written racial slur to the police.

17.

On or about July 9, 2020, Plaintiff notified the executives of Defendant I3D that he had military orders in process, and he would need to take leave related to the orders.

18.

Plaintiff opposed and/or reported by email to Madrigal that Defendant I3D's proposed transfer of parts for firearms which was to occur on or about August 5, 2020 would violate Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") rules and/or regulations. Plaintiff told Madrigal that he would not ship the parts in violation of ATF rules and/or regulations. Madrigal did not respond to Plaintiff's email. Plaintiff took steps to ensure the parts would not ship until Defendant I3D complied with the law.

19.

Plaintiff felt Madrigal retaliated against Plaintiff by micromanaging, hyper-scrutinizing, and assigning Plaintiff to mundane tasks outside of his position description. Moreover, Plaintiff felt the executives began bullying Plaintiff in various ways.

20.

On or about July 22, 2020, Plaintiff called the Cardinal Defendants' HR department to file a formal discrimination and hostile work environment complaint against Defendant I3D. Plaintiff stated during his complaint that he believed he would face retaliation as a "whistleblower." Plaintiff's complaints included but were

Page 5 – COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

not limited to:

    a)     He had been told by another employee that Madrigal said, "We need to get rid of him, we just need to figure out how" or words to that effect.

    b)     In April of 2020, when Defendants demoted Plaintiff, their given reason was the Defendant I3D was going to a "titleless" company. However, Madrigal still used the title CEO.

    c)     Plaintiff complained and/or reported he was being bullied by Madrigal.

    d)     Madrigal singled Plaintiff out during a company-wide meeting, calling Plaintiff a "mathematician" in a derogatory manner. Plaintiff felt the CEO's comment gave other employees permission to bully Plaintiff.

    e)     Defendants had promised Plaintiff a pay increase of fifteen percent plus moving expenses and/or a bonus to relocate to Defendant I3D's Redmond, Oregon facility. Although he had heard other employees had already received offers to relocate, he had not received a similar offer.

    f)     Plaintiff complained an/or reported that Defendant I3D's practices surrounding the shipment of firearm parts did not comply with ATF rules and/or regulations.

21.

That same day, Amanda (last name unknown), the Cardinal Defendants' HR representative, returned Plaintiff's call. Plaintiff described the situation to Amanda, explaining he felt he was being discriminated against, harassed, and being subjected to a hostile work environment. Amanda responded that she felt none of Plaintiff's concerns fall into the categories of discrimination, harassment, or hostile work environment.

22.

On or about August 10, 2020, Plaintiff made another complaint and/or report to the Cardinal Defendants regarding Defendant I3D. Amanda told Plaintiff she would send a summary of Plaintiff's complaints and/or reports to Plaintiff's personal email. Plaintiff never received such an email.

Page 6 – COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

23.

On or about August 18, 2020, while Plaintiff was out on protected sick leave, Defendant I3D sent Plaintiff an email notifying him that his last day working for Defendants would be September 1, 2020. Between August 18 and September 1, 2020, Plaintiff was directed to "work from home, be available to the Company during normal business hours, and perform the duties the Company assigns to you on per request basis." Defendants also directed Plaintiff not to "access, delete, or transfer company property, files, or information . . . ."

24.

On or about August 20, 2020, Eskew reached out to the Cardinal Defendants regarding a "formal hostile workplace complaint made by Greg." Carmack (first name unknown), an HR representative with the Cardinal Defendants, told Eskew that "proper procedure is to let employees know we cannot keep illegal employment practices confidential." Carmack also told Eskew about the issues Plaintiff had reported to the Cardinal Defendants and, explained that based on the Cardinal Defendants' understanding, "none of them were considered a hostile workplace or discriminatory." Carmack then explained that this practice "protected the client [Defendant I3D] as they let [Mercado] go for performance and these complaints were not made known to the client [Defendant I3D]." Eskew agreed that keeping these complaints from Defendant I3D was "a good best practice."

## First Claim for Relief
### 38 U.S.C. § 4311 – USERRA Discrimination
### (All Defendants)

25.

Plaintiff realleges paragraphs 1 through 24.

26.

Defendants discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to demoting Plaintiff, reducing his pay, and terminating Plaintiff's employment in motivating part due to Plaintiff's

Page 7 – COMPLAINT

membership, performance of service, and/or obligation for service in the uniformed services.

27.

As a result of the discrimination by Defendant, Plaintiff has incurred economic damages including lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in benefits, loss of prestige, and/or loss of future job opportunities in an amount to be proven at trial pursuant to 38 U.S.C. § 4323(d)(1)(B). Plaintiff will continue to have lost income and benefits into the future.

28.

Defendants' conduct was willful. Therefore, Defendants should be assessed liquidated damages in an amount equal to the lost wages and benefits pursuant to 38 U.S.C. § 4323(d)(1)(C).

29.

Plaintiff is entitled to recover his reasonable attorney fees, expert witness fees, and other litigation expenses pursuant to 38 U.S.C. § 4323(h).

30.

Pursuant to 38 U.S.C. § 4323(e), Plaintiff also seeks equitable relief including an injunction enjoining Defendants from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal law.

## Second Claim for Relief

### ORS 659A.082 – Military Discrimination

### (All Defendants)

31.

Plaintiff realleges paragraphs 1 through 30.

32.

Defendants discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to demoting Plaintiff, reducing his pay, and terminating Plaintiff's employment in motivating part due to Plaintiff's service in

Page 8 – COMPLAINT

the uniformed services, including Plaintiff's exercising and/or attempting to exercise his status.

33.

As a result of the discrimination by Defendant, Plaintiff has incurred economic damages including lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of prestige, and/or loss of future job opportunities in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

34.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

35.

Defendants' conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

36.

Plaintiff is entitled to recover his reasonable attorney fees, expert fees, costs, and disbursements pursuant to ORS 659A.885 and ORS 20.107.

### Third Claim for Relief

### ORS 659A.199 – Whistleblower Retaliation

### (All Defendants)

37.

Plaintiff realleges paragraphs 1 through 36.

38.

Defendants retaliated against Plaintiff in the terms and conditions of his employment in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be violations of federal and/or state laws, rules, or regulations.

Page 9 – COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

39.

Plaintiff realleges his damages as stated in Paragraphs 33 through 36 above.

## Fourth Claim for Relief

## ORS 659A.355 – Wage Inquiry Retaliation

## (All Defendants)

40.

Plaintiff realleges paragraphs 1 through 39.

41.

Prior to his termination, Plaintiff inquired about, discussed, and/or disclosed his wages with Defendants and/or their employees.

42.

A substantial factor in Defendants' decision to terminate Plaintiff's employment was that Plaintiff engaged in protective activities alleged herein.

43.

Plaintiff realleges his damages as stated in Paragraphs 33 through 36 above.

## Fifth Claim for Relief

## ORS 659A.230 – Discrimination for Initiating and/or Aiding in Criminal Proceeding

## (All Defendants)

44.

Plaintiff realleges paragraphs 1 through 43.

45.

Defendants retaliated against Plaintiff in the terms and conditions of his employment, including but not limited to demoting Plaintiff, reducing his pay, and terminating Plaintiff's employment in substantial part for Plaintiff's good faith reporting of criminal activity by any person and/or his good faith cooperation with any law enforcement agency.

46.

Plaintiff realleges his damages as stated in Paragraphs 33 through 36 above.

Page 10 – COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

## Sixth Claim for Relief

## ORS 653.641 – Sick Leave Retaliation

## (All Defendants)

47.

Plaintiff re-alleges paragraphs 1 through 46.

48.

Defendants retaliated against Plaintiff with respect to the terms and conditions of his employment in violation of ORS 653.641 by terminating Plaintiff's employment in substantial part for invoking his need for, utilizing and/or attempting to utilize leave that was protected sick leave under Oregon law.

49.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will suffer economic damage in an amount to be proven at trial, including but not limited to damages for loss of employment, lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities.

50.

Pursuant to ORS 659A.885, Plaintiff is entitled to recover his reasonable attorney fees, expert fees, costs, and disbursements.

51.

Defendants' conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

52.

Plaintiff also seeks equitable relief including an injunction enjoining

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

Defendants from engaging in any employment practice with constitutes unlawful discrimination and/or retaliation under Oregon law.

## Seventh Claim for Relief

## Wrongful Discharge

## (All Defendants)

53.

Plaintiff re-alleges paragraphs 1 through 52.

54.

At all material times, the public policy of Oregon prohibits an employer from retaliating against an employee for invoking his need for, utilizing and/or attempting to utilize leave that was protected sick leave under Oregon law. This public policy is embodied in common law, statutes, and regulations of the State of Oregon and the United States protecting the public and employees including but not limited to ORS 653.641 and *Yeager v. Providence Health System Oregon*, 195 Or. App. 134 (2004).

55.

Defendants, through their agents and/or employees, violated the above public policies by retaliating against Plaintiff for inquiring about and/or invoking his rights and/or utilizing and/or attempting to utilize protected sick time. The discharge was unlawful and in violation of the public policy of the State of Oregon.

56.

Defendants' discharge of Plaintiff was in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights related to Plaintiff's role as an employee, which are of important public interest.

57.

Plaintiff realleges his damages as stated in paragraphs 33 through 36 above.

Page 12 – COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For permanent injunctive relief enjoining Defendants, their officers, employees and agents from engaging in any harassment or discrimination or for retaliating against any employee opposing unlawful employment practices;
2. Economic damages and future losses to be determined at trial;
3. Non-economic damages to be determined at trial;
4. Liquidated damages in an amount to be determined at trial;
5. Punitive damages in an amount to be determined at trial;
6. Reasonable costs and attorney fees; and
7. For such other and further relief as the Court may deem just and equitable.

DATED this 17th day of August, 2021.

BAKER LAW PC

*s/ Serena L. Liss*
Aaron W. Baker OSB No. 922220
Serena L. Liss OSB No. 154799
Attorneys for Plaintiff

Page 13 – COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800